CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 3 2016

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 5:06cr00052 |
| v. | ) |
| | ) |
| ANTONIO M. DRUITT, | ) By: Michael F. Urbanski |
| | ) United States District Judge |
| Petitioner. | ) |

## MEMORANDUM OPINION

Antonio M. Druitt, a federal inmate, has filed a petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. ECF No. 49. The case has been stayed pending the decision of the United States Supreme Court in Beckles v. United States, No. 15-8544. ECF No. 65. The Supreme Court has scheduled oral argument in Beckles for November 28, 2016. Druitt seeks bond pending the Supreme Court's decision in Beckles, contending that he may overserve his sentence if Beckles is decided in his favor and if he is subsequently resentenced within his recalculated advisory guidelines range. ECF Nos. 66 and 70. The government opposes Druitt's request for bond. ECF No. 68.

After considering the briefs and hearing oral argument, the court concludes that Druitt's request for bond must be **DENIED**. First, the standard for release on bond pending habeas review is a high one. "To prevail on a motion for release on bail in a habeas case, the appellant must show that his petition presents a substantial constitutional claim upon which he has a high probability of success, and that extraordinary circumstances warrant his release." United States v. Perkins, 53 Fed. App'x 667, 669 (4th Cir. 2002)(citing Aronson v. May, 85 S. Ct. 3 (1964)).

1

Second, under existing Fourth Circuit precedent, Druitt's status as a career offender may not be cognizable on collateral review. United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015). "[W]e are constrained to decide that sentencing a defendant pursuant to advisory Guidelines based upon a career offender status that is later invalidated does not meet [the] remarkably high bar of 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). As with Druitt, Foote was sentenced under an advisory sentencing guidelines scheme, and the Fourth Circuit was "hesitant to declare that a fundamental defect or complete miscarriage of justice has occurred in a situation in which Appellant was (and on remand, would again be) sentenced under an *advisory* Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." Foote, 784 F. 3d at 941 (emphasis in original). Whether the holding in Foote will survive the forthcoming decision in Beckles is yet to be seen, but it remains binding precedent in this circuit.[1]

Druitt argues that Foote is inapplicable to his constitutional claim, arguing that Foote was limited to allegations of non-constitutional and non-jurisdictional errors. Druitt's distinction is well-taken as the Fourth Circuit in Foote appears to carve out constitutional claims from its general rule. "The Supreme Court has interpreted this provision [§ 2255(a)] such that if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to a 'fundamental defect which inherently

---

[1] The court considered whether the holding in Foote was undermined by the Fourth Circuit's ruling in In re Hubbard, 825 F.3d 225 (4th Cir. 2016), where the court authorized a successive § 2255 petition challenging the sentencing court's career offender guidelines designation. The circumstances facing the Fourth Circuit in Foote and Hubbard bear a critical distinction borne out in the decisions. Hubbard was sentenced before the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), during a time when the sentencing guidelines were mandatory. In Foote, the post-Booker advisory nature of the guidelines played a significant role in the court's decision to deny collateral review of a career offender designation under an advisory guidelines scheme.

2

results in a complete miscarriage of justice.'" 784 F.3d at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Regardless of the reach of Foote, the simple fact remains that the level of uncertainty surrounding the forthcoming decision in Beckles precludes the court from concluding that Druitt has met the high probability of success standard.

Third, even if it is determined that the definition of a crime of violence in previous versions of U.S.S.G. § 4B1.2(a)(2)[2] is unconstitutionally vague and subject to collateral review under an advisory guidelines system, Druitt's sentence would remain statutorily authorized. Druitt was convicted in 2007 of Possession with the Intent to Distribute More than 50 Grams of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Due to changes in the law following Druitt's sentencing, distribution of that volume of cocaine base now bears a penalty of 5 to 40 years under 21 U.S.C. § 841(b)(1)(B). To be sure, subsequent amendments in the sentencing guidelines regarding crack cocaine and drug penalties would work in Druitt's favor to lower his advisory guidelines range were he no longer found to be a career offender. Again, however, given the uncertain state of the law pending Beckles, the court concludes that Druitt cannot meet the high probability of success standard. While Druitt argues that he will have overserved a recalculated advisory guidelines sentence, the court is not bound to impose a guidelines sentence should he be resentenced. Rather, the court would be required to resentence Druitt to a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

---

[2] The current version of the United States Sentencing Commission Guidelines Manual no longer includes the so-called residual clause similar to the residual clause found unconstitutional in Johnson v. United States, 135 S.Ct. 2551 (2015). In Beckles, the Supreme Court is likely to decide whether defendants akin to Druitt, who received enhanced sentences as a result of the residual clause included in previous iterations of the Guidelines Manual, were sentenced unconstitutionally.

3

Finally, Druitt's criminal history does not suggest that he is a good candidate for bond. Although only 26 at sentencing, Druitt had amassed 10 criminal history points, including felony convictions for drug and gun crimes.

At the end of the day, the court does not know how the Supreme Court will rule in Beckles, and, at this juncture, Druitt has not established a high probability of success or extraordinary circumstances warranting his release on bond.

An appropriate Order will be entered this day.

Entered: 11/23/2016

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge

4