CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 2 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:06cr00052 |
| | ) | |
| ANTONIO MARQUIS DRUITT, | ) | By: Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Defendant. | | |

## MEMORANDUM OPINION

Defendant Antonio Druitt filed an emergency motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. He asks that his sentence be reduced to 129 months which will result in his immediate release, to be followed by four years of supervised release. ECF No. 82, 85. The government does not contest that Druitt is eligible for consideration of a reduction in his sentence and agrees that he is entitled to immediate release to be followed by four years of supervised release. However, the government asserts that Druitt's sentence should not be reduced to less than time served. ECF No. 84. For the reasons set forth below, the court will **GRANT** Druitt's request and modify his sentence to 129 months, but not less than time served, to be followed by a four-year term of supervised release.

I.

Pursuant to a written plea agreement, Druitt entered a plea of guilty to Count One of the indictment in this case, charging him with knowingly and intentionally possessing with intent to distribute, or distributing, a mixture or substance containing more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). He also stipulated to a

drug weight of 92 grams of crack cocaine. ECF No. 19 at 1, 3. Druitt was found to be a career offender and his Sentencing Guideline range was enhanced in accordance with U.S.S.G. § 4B1.1. PSR, ECF No. 38 at 5. His guideline range was 262 to 327 months based on a total offense level of 34 and a criminal history category VI. PSR, ECF No. 38 at 5. On February 26, 2007 Druitt was sentenced under the advisory guidelines to 180 months imprisonment and a five-year term of supervised release. ECF No. 29 at 2-3.

Druitt states that his current release date is August 24, 2019. ECF No. 82 at 3. The government states that according to the Bureau of Prisons website, Druitt's current release date is May 25, 2019.

At the time Druitt was sentenced, a violation of § 841(b)(1)(A) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was passed, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841 (b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was enacted on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

## II.

The parties agree that the First Step Act applies to Druitt. Because he stipulated to 92 grams of cocaine base, if the Fair Sentencing Act had been in effect in 2007, Druitt would have faced a maximum term of 40 years rather than life imprisonment. In turn, that maximum sentence would have resulted in an offense level of 31 rather than 34 under the career offender guideline. With a criminal history category of VI, the corresponding advisory range for offense level 31 is 188 to 235 months of imprisonment. In addition, his mandatory minimum sentence would have been 60 months rather than 120 months.

Had Druitt been sentenced after passage of the Fair Sentencing Act, the appropriate sentence would have been 129 months, followed by a 4-year term of supervised release. A sentence of 129 months represents a 31% reduction from the low end of the sentencing range of 188-235 months. Such a reduction corresponds to his current sentence of 180 months, which represents a 31% reduction from the low end of the 262-327 month sentencing range.

Thus, the parties agree that an appropriate sentence for Druitt under the First Step Act would be 129 months, followed by a four-year term of supervised release.

The parties disagree about whether the sentence reduction should reflect the sentence Druitt would have received if the Fair Sentencing Act had been in effect at the time of his sentence--129 months--or whether he should be resentenced to "time served." The government asks that the court impose a modified sentence of 129 months but not less than time served. Druitt counters that he is entitled to be resentenced to 129 months.

Druitt has served more than twelve years. If he is resentenced to 129 months, he will have served more than the modified sentence. The government argues that if Druitt is sentenced to less than time served, he will have "banked" time to offset any future term of imprisonment that may be imposed upon a supervised release violation. The government characterizes that possibility as a significant problem or danger to a future probation officer because there would be no real recourse if Druitt violated the terms of his supervised release. The government also asserts that a sentence below time-served does not comport with the interests of justice or comply with the requirement that a sentence be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

Druitt responds that if the court sentences him to not less than time served, it will, in effect, be imposing a higher sentence than it otherwise would have in order to foster a rehabilitative goal, which is prohibited by <u>Tapia v. United States</u>, 564 U.S. 319, 335 (2011). In that case, a defendant was convicted of smuggling unauthorized aliens into the United States and faced a sentencing range of 41 to 51 months. The district court imposed a 51-month

4

sentence, reasoning that the defendant should serve the longer term in order to qualify for and complete a Bureau of Prisons drug treatment program and the Ninth Circuit Court of Appeals affirmed. Id. at 321-322. The Supreme Court reversed, holding that the Sentencing Reform Act precludes federal courts from imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation. Id. at 321.

The concerns raised in Tapia are not present here. This court is not considering a sentence at the high end of the sentencing range so that Druitt can attend a rehabilitative program. Rather, this court is seeking to reduce his term of imprisonment in compliance with the First Step Act. While it is unfortunate that Druitt served more time in prison than he would have had he been sentenced after implementation of the Fair Sentencing Act, nothing in the First Step Act makes it appropriate to allow a defendant to "bank" any time he overserved against future violations of his conditions of supervised release.

In United States v. Johnson, 529 U.S. 53 (2000), the Supreme Court declined to allow excess prison time to be applied to a term of supervised release, reasoning that the objectives of supervised release would be thwarted if excess prison time were applied to offset and reduce the term. Id. at 59. Similar considerations apply here. Druitt would have very little incentive to comply with the conditions of supervised release if he were allowed to use the excess time he served in prison to offset any time he might be ordered to serve for violation of the terms of his supervised release. Thus, the court declines to sentence Druitt to a term of less than time served.

## IV.

The court will **GRANT** Druitt's emergency motion to reduce his sentence, ECF No. 82, and modify his sentence to a total period of 129 months, but not less than time served, to be followed by a four-year term of supervised release. The court finds the sentence agreed to by the parties is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law.[1]

An appropriate Order and amended judgment will be entered.

Entered: 02-12-2019

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge

---

[1] Druitt does not seek a resentencing hearing and the court offers no opinion on whether such a hearing would be appropriate.